THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL RICHETTI, Defendant.

Court of General Sessions of County of New York, January 5, 1949.

*Michael Richetti,* defendant in person.

*Frank S. Hogan, District Attorney (Edgar J. Nathan* of counsel), for plaintiff.

STREIT, J. This is an application by the defendant to set aside the verdict on the ground (1) of newly discovered evidence (2) that it was contrary to law and against the weight of evidence and (3) that there was a violation of section 275 and subdivision 4 of section 284 of the Code of Criminal Procedure.

On December 13, 1946, this defendant was indicted for the crime of being accessory to the crime of an attempt to commit the crime of robbery, first degree. At the trial, the testimony of Everett Reilly disclosed that on November 7, 1946, he, Reilly, together with Lawrence Condon and William Winderbank, went to an express agency at 79 Norfolk Street, in the county of New York, where they attempted an armed robbery; that during this attempted robbery, Winderbank was killed but that he, Reilly, and Condon escaped, and that Condon had a bullet in his neck.

Reilly testified further that at about 1:00 P.M. the following day, he, Reilly, together with Condon went to a restaurant in Long Island City where he saw this defendant Richetti.

Detective Bernard Clark testified that the defendant admitted to him that he met Lawrence Condon in a restaurant in Court Square in Long Island City on November 8, 1946, at about noon, and that Condon told him, Richetti, that he had been shot while participating in a holdup the night before, and asked for a doctor

and that he, Richetti, took him to his, Richetti's, room, laid him on the bed where Condon showed him that he was shot on the shoulder and in the neck.

Detective Bernard Gunson testified that this defendant told him that he met Condon in a restaurant and took him to Harlem in a fruitless search for a doctor; that they both returned to Court Square in Queens and then together visited a doctor who refused to treat Condon.

Dr. Paul Sheller testified that at about 5:00 P.M. on November 8, 1946, this defendant and a friend approached him and asked him if he would treat someone who was accidentally shot; that ten minutes later this defendant again returned with a man who he said looked like Condon but that he, Dr. Sheller, refused to treat him without reporting the case to the police.

The defendant did not take the stand. His conviction was based on the defendant's admissions to the officers, Dr. Sheller's testimony that the defendant brought Condon to his office, and on Reilly's statement that the defendant and Condon were both seen in a restaurant at or about the time the defendant admitted meeting Condon there.

Hence in my judgment there was evidence beyond a reasonable doubt that the defendant had knowledge and reasonable ground to believe that Lawrence Condon had committed a felony and was liable to arrest, and that he harbored, aided and concealed Lawrence Condon with intent that he might avoid and escape arrest, trial and conviction. That disposes of the defendant's contention that the verdict was contrary to law and against the weight of evidence.

As to the defendant's third contention that the indictment was a violation of section 275 and subdivision 4 of section 284 of the Code of Criminal Procedure with respect to the jurisdiction of the court, that is disposed of by section 134 of the Code of Criminal Procedure which provides that when a crime is committed partly in one county and partly in another county, jurisdiction is in either county, and by section 1934 of the Penal Law which provides that an accessory to a felony may be indicted, tried and convicted either in the county where he became accessory or in the county where the principal felony was committed.

As to his first contention that there is newly discovered evidence, the defendant submits that on June 10, 1948, he met one Lawrence Condon when said Condon was assigned to work in the print shop at Clinton State Prison where deponent was already employed since September 23, 1947, and learned that the said Condon was the person alleged to be the principal in connec-

tion with whom he had been indicted as an accessory and submits an affidavit by Lawrence Condon who has since been apprehended and convicted of the attempted robbery above mentioned and who states that he received a sentence of fifteen to thirty years in State Prison, said sentence to run concurrently with a prior sentence of twenty-five to thirty years imposed in the County Court of Kings County on June 19, 1948.

From this, the defendant asks the court to draw an inference that he never knew or met Condon before June 10, 1948.

In the light of the testimony of detectives Clark and Gunson, as well as the testimony of Dr. Sheller who identified the defendant as having come to his office on two occasions on the afternoon of November 7, 1946, the exculpating affidavit on the part of Condon, the principal in the crime for which this defendant was convicted as an accessory, now a fellow-prisoner of this defendant, and serving a term of not less than twenty-five years with at least two armed robbery convictions to his credit, is at best highly suspect.

In my opinion such evidence if now produced on a new trial would not change the verdict, and I deem it unnecessary to direct a personal appearance of the affiants.

The motion is in all respects denied.